FILED

February 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0645

DA 13-0645

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 33N

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

AMANDA DENISE FOOTE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 12-0520
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Wade Zolynski, Chief Appellate Defender; Lisa S. Korchinski, Assistant
            Appellate Defender; Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant
            Attorney General; Helena, Montana

            Kirsten H. Pabst, Missoula County Attorney; Andrew Paul, Deputy
            County Attorney; Missoula, Montana

                        Submitted on Briefs:  January 21, 2015
                                  Decided:  February 10, 2015

Filed:

                    _____
                                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Amanda Denise Foote (Foote) pled guilty to Criminal Possession of Dangerous Drugs and Theft. The Fourth Judicial District Court, Missoula County, sentenced Foote to a term of three years, all suspended, and imposed several conditions on her suspended sentence. The sole issue raised by Foote on appeal is whether the District Court abused its discretion by imposing three of those conditions.

¶3 On October 28, 2012, Missoula City Police responded to a report of shoplifting at a Murdoch's Ranch store. Law enforcement officers arrested Foote and conducted a search incident to arrest. Officers discovered stolen Murdoch's merchandise and nine blue prescription clonazepam pills in Foote's possession. Foote admitted she did not have a prescription for the drugs and stated the pills were given to her by an unidentified friend.

¶4 In accordance with a plea agreement, the District Court sentenced Foote to a term of three years, with all of that time suspended. The court imposed, and Foote objected to, the following conditions:

> 19. The Defendant shall not possess or use any electronic device or scanner capable of listening to law enforcement communications.

22. The Defendant shall not knowingly associate with probationers, parolees, prison inmates, or persons in the custody of any law enforcement agency without prior approval from the Probation & Parole Officer. The Defendant shall not associate with persons as ordered by the Court or Board of Pardons and Parole.

26. The Defendant shall not drive without a valid driver's license and liability insurance.

¶5 Foote now appeals, challenging the District Court's imposition of each of these conditions. Pursuant to § 46-18-201(4), MCA, when a sentencing court suspends all or a portion of the execution of a sentence, the court may impose upon the offender "any reasonable conditions" during the period of the suspension of sentence. Reasonable conditions are those specifically enumerated in §§ 46-18-201(4) and -202(1), MCA, as well as those that are reasonably "necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4)(q), MCA. In order to be reasonably related to the objectives of rehabilitation and the protection of the victim or society, a sentencing condition must have "a nexus either to the offense for which the offender is being sentenced or to the offender himself or herself." *State v. Greensweight*, 2008 MT 185, ¶ 17, 343 Mont. 474, 187 P.3d 613.

¶6 We conclude the conditions imposed by the District Court are reasonable and a sufficient nexus exists. Condition 19 is reasonably necessary to ensure Foote's probation officer can properly supervise Foote and prevent Foote from obtaining advanced notice of a planned search for stolen items or illegal substances in Foote's home. Condition 22 is reasonably necessary to prevent Foote from repeating the same criminal conduct that gave rise to her conviction for possession of dangerous drugs. Condition 26 is reasonably

3

necessarily for the protection of society and is duplicative of another condition that requires Foote to be a law-abiding citizen. The District Court did not abuse its discretion by imposing Conditions 19, 22, and 26.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶8 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER